# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3849

_____

United States of America,

        Appellee,

v.

George W. Robinson,

        Appellant.

\* Appeal from the United States
\* District Court for the District
\* of Nebraska.

\* [UNPUBLISHED]

_____

Submitted: March 13, 2007
Filed: March 16, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

George Warren Robinson, Jr., pled guilty to possession of crack cocaine with intent to distribute, after the district court[1] denied his motion to suppress. 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The plea was conditional; Robinson appeals the denial of his motion. This court affirms.

_____

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

I.

On the evening of October 29, 2005, Omaha police officers Thomas Queen and Richard Griffin were patrolling a high-crime area. They stopped a car driven by Robinson, because it had no front license plate. *See* NEB. REV. STAT. § 60-3, 100. Approaching the vehicle, Officer Queen noticed the handle of a knife under some papers on the center console, within Robinson's easy reach. Officer Queen alerted Officer Griffin to the knife, and asked Robinson for his identification and to exit the vehicle.

Robinson did not follow the orders. Instead, exiting the vehicle, he reached for a canvas bag from the front passenger seat. Fearing it contained another weapon, Officer Griffin took Robinson by his other arm and ordered him to drop it. Robinson did not release the bag. Officer Griffin took it from him. Once out of the car, Robinson went for the bag again. Officer Griffin handcuffed Robinson. Officer Queen searched the bag. Inside it was Robinson's identification, along with three clear vials, containing 12.1 grams of crack cocaine.

II.

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures". It is undisputed that the initial traffic stop was legal. Robinson argues, however, that there was no probable cause to search his car, and that the district court erroneously applied the law. On a denial of a motion to suppress, this court reviews the district court's factual findings for clear error and its constitutional conclusions de novo. *See United States v. Terry*, 400 F.3d 575, 579 (8th Cir. 2005).

Robinson had a knife on the car's center console. "[A] law enforcement officer may conduct a protective search for weapons if he or she has merely an articulable

suspicion a suspect is armed and dangerous." *United States v. Rowland*, 341 F.3d 774, 783 (8th Cir. 2003) (citing *Terry v. Ohio*, 392 U.S. 1, 24 (1968)). The *Terry* rule applies to auto searches during routine traffic stops. *Michigan v. Long*, 463 U.S. 1032, 1051 (1983) ("the balancing required by *Terry* clearly weighs in favor of allowing the police to conduct an area search of the passenger compartment to uncover weapons, as long as they possess an articulable and objectively reasonable belief that the suspect is potentially dangerous."). Officers Queen and Griffin had such a belief about Robinson.

It is "well settled a Terry search of a vehicle's interior is permissible even after the un-arrested occupants have been removed from the vehicle." *Rowland*, 341 F.3d at 783. Officer safety is the focus of *Terry* and *Long*: "Just as a *Terry* suspect on the street may, despite being under the brief control of a police officer, reach into his clothing and retrieve a weapon, so might a *Terry* suspect in Long's position break away from police control and retrieve a weapon from his automobile." *Long*, 463 U.S. at 1051. It is no answer for Robinson to argue that once handcuffed, he posed no threat to the officers: "Also, if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and he will then have access to any weapons inside." *Id.* at 1052.

Robinson was driving in a high-crime neighborhood with a partly-concealed knife close at hand. During an otherwise-routine traffic stop, he repeatedly disobeyed orders from the police. Officers Queen and Griffin had an articulable and objectively reasonable belief that Robinson had another weapon in the bag. Their protective search was constitutional. The district court correctly denied Robinson's suppression motion.

III.

The judgment of the district court is affirmed.

_____